USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: September 16, 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

SANDRA LASSIC,

                Plaintiff,

       -v-                                 14-cv-9959 (KBF)

UNITED STATES OF AMERICA,            OPINION & ORDER

                Defendant.

------------------------------------------------------------ X

KATHERINE B. FORREST, District Judge:

       Plaintiff brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, alleging that Dr. Christine Kerr, a physician who treated plaintiff at Hudson River Health Care, Inc. ("HRHC") in Peekskill, N.Y., failed to timely and properly diagnose and treat her brain tumor, causing past and future injuries. Plaintiff also brings separate claims under the FTCA for lack of informed consent and negligent hiring.

       Before the Court is a motion for summary judgment. Plaintiff filed suit after the two-year statute of limitations for FTCA claims elapsed and now contends that her claims are timely under an exception to the FTCA time bar. Moreover, after defendant moved for summary judgment on the basis that there is no triable issue since plaintiff received immediate treatment from Dr. Kerr, plaintiff seeks permission to file an amended complaint in order to alter the date of initial treatment.

       For the reasons set forth below, the Court GRANTS defendant's converted motion for summary judgment and DENIES plaintiff's request for leave to amend.

I.   BACKGROUND

Plaintiff alleges that "[b]eginning on or about February 2010 and continuing thereafter through on or about the present, plaintiff was a patient" of Dr. Kerr at HRHC.  (Compl. at ¶ 12.)  At all relevant times, HRHC was a federally supported health center, and Dr. Kerr was an employee of defendant.  (Id. at ¶ 1, 9, 10.)

Defendant has submitted medical records from plaintiff's U.S. Department of Health and Human Services ("HHS") administrative file and a declaration from Dr. Kerr indicating that Dr. Kerr evaluated plaintiff on February 8, 2010. (Decl. of Daretia M. Hawkins ("Hawkins Decl.") (ECF No. 11) Ex. B; Decl. of Christine Kerr, M.D. ("Kerr Decl.") (ECF No. 29).)  On that date, plaintiff described experiencing headaches; Dr. Kerr immediately ordered an MRI.  (Id.)  Plaintiff received an MRI within days.  The MRI revealed a large pituitary tumor.  (Hawkins Decl. Ex. B.)  Dr. Kerr referred plaintiff to an endocrinologist immediately.  At a February 22, 2010 followup visit, Dr. Kerr also referred plaintiff for "probable surgery."  On March 3, 2010, plaintiff's tumor was surgically removed at another medical facility.  (Id.; Kerr Decl. at 2, at ¶ 5).  Plaintiff visited Dr. Kerr post-surgery on March 31, 2010.  (Hawkins Decl. Ex. B.)

Plaintiff alleges that defendant failed to "properly diagnose, care for and treat" her, resulting in "severe and serious personal injuries, a severe shock to her nervous system and certain internal injuries and was caused to suffer severe physical pain and mental anguish . . . ."  (Compl. at ¶ 12, 14.)  Plaintiff also alleges that the defendant failed to inform her of the "risks, hazards and alternatives connected with the treatments rendered and procedures performed," (id. at ¶ 18),

2

and did not "investigate the qualifications, competence, capacity, abilities, and capabilities" of its employees.  (Id. at ¶ 23.)

Plaintiff first filed suit against Dr. Kerr and HRHC in New York state court in May 2012.  In April 2013, the action was removed to federal court in the Southern District of New York.  After granting the United States' motion to be substituted as defendant, the court dismissed the action in July 2013 for lack of subject matter jurisdiction.  Lassic v. Hudson River Health Care Inc., et al., No. 13 Civ. 2547 (ECF No. 11) (RPP) (S.D.N.Y. 2013).

Plaintiff then filed an HHS Standard Form 95 ("SF 95") Claim for Damage, Injury or Death, which HHS received in October 2010.  Plaintiff's SF 95 form stated that Dr. Kerr "ignored her" after treating her "from February 2010 forward" and that Dr. Kerr's "[f]ailure to diagnose this condition resulted in severe psychological, physical, and financial damages."  (Hawkins Decl. Ex. A.)  On August 21, 2014, HHS denied Plaintiff's claim.  (Hawkins Decl. Ex. D.)  On December 17, 2014, plaintiff filed the instant suit.

On June 22, 2015, plaintiff filed a proposed Amended Complaint along with her opposition to summary judgment.  In her proposed Amended Complaint, plaintiff alleges for the first time that she "complained about headaches to Dr. Christine Kerr on numerous occasions," "beginning on or about April 2009 to February 2010."  (Decl. of Nkereuwem Umoh ("Umoh Decl.") (ECF No. 25) Ex. 4, at ¶ 12.)  Plaintiff has not proffered any evidence in support of this new assertion.

3

II.     STANDARD OF REVIEW

    A.     <u>Summary Judgment</u>

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).[1] The moving party bears the initial burden of demonstrating "the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). Once the moving party has discharged its burden, the opposing party must set out specific facts showing a genuine issue of material fact for trial. <u>Wright v. Goord</u>, 554 F.3d 255, 266 (2d Cir. 2009). The nonmoving party "may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." <u>Hicks v. Baines</u>, 593 F.3d 159, 166 (2d Cir. 2010) (internal citations omitted). "The inferences to be drawn from the underlying affidavits, exhibits, interrogatory answers, and depositions must be viewed in the light most favorable to the party opposing the motion." <u>Cronin v. Aetna Life Ins. Co.</u>, 46 F.3d 196, 202 (2d Cir. 1995) (citations omitted). However, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." <u>Jeffreys v. City of New York</u>, 426 F.3d 549, 554 (2d Cir. 2005) (quoting <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986)) (internal quotation mark omitted).

---

[1] A court may convert a motion to dismiss into a motion for summary judgment "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The court must "give sufficient notice to an opposing party and an opportunity for that party to respond." <u>Parada v. Banco Indus. De Venezuela, C.A.</u>, 753 F.3d 62, 68 (2d Cir. 2014) (internal quotation marks omitted).

B.     Federal Tort Claims Act

The FTCA allows individuals to bring claims against the federal government for torts committed by federal employees. The FTCA is a waiver of sovereign immunity to the extent that "a private person . . . would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

Before filing an FTCA claim, a plaintiff generally must first "present [the claim] in writing to the appropriate Federal agency within two years after such claim accrues."[2] 28 U.S.C. § 2401. The claimant must bring an action within six months of the agency filing its final denial of the claim. Id.; see also Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 84 (2d Cir. 2005).

One exception to the FTCA's timeliness requirement, and the only exception relevant to this action, is the Westfall Act. 28 U.S.C. § 2679(d)(5). The Westfall Act allows a plaintiff whose initial suit in state court is removed to federal court and subsequently dismissed after the two-year statute of limitations has expired to timely file an administrative claim if "(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and (B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action." Id.; Celestine, 403 F.3d at 83-84.

---

[2] An FTCA claim accrues from the "time of injury" unless the plaintiff "would reasonably have had difficulty discerning the fact or cause of injury at the time it was inflicted," in which case "the so-called 'diligence-discovery rule of accrual' applies." A.Q.C. ex rel. Castillo v. U.S., 656 F.3d 135, 139-40 (2d Cir. 2011). The FTCA's statute of limitations provisions can also be equitably tolled if the litigant demonstrates that he "has pursued his rights diligently but some extraordinary circumstance prevents him from meeting a deadline." United States v. Kwai Fun Wong, 135 S. Ct. 1625, 1631 (2015).

5

III.   DISCUSSION

To bring a claim under the FTCA, plaintiff must meet the threshold statutory requirements: timeliness and exhaustion.  Moreover, to survive summary judgment, plaintiff must raise a genuine issue of material fact by pointing to the record evidence.  For the reasons set forth below, plaintiff has failed to do so and her claims therefore fail as a matter of law.

   A.   Statute of Limitations

Plaintiff's claims are untimely.  Plaintiff does not contest that she failed to file her instant complaint within the FTCA's required two year timeframe.  She instead argues that she qualifies for the exception under the Westfall Act. 28 U.S.C. § 2679(d)(5).

Plaintiff is incorrect.  First, the Westfall Act requires that plaintiff's claim "would have been timely if it had been filed on the date the underlying civil action was commenced."  28 U.S.C. § 2679(d)(5)(A).  Plaintiff's original state court action was filed on May 5, 2012, two months after the statute of limitations under the FTCA elapsed.  Plaintiff urges that her delay should be excused because she did not know that HRHC was a federal facility.  This lack of knowledge does not, however, excuse the delay as a matter of law.  That HRHC is a federal facility is evident on its website homepage.  (Umoh Decl. ¶ 9; id. at Ex. 5.)[3]  Plaintiff has not offered a factual basis for diligence or for any "extraordinary circumstance."  Accordingly, the facts are insufficient to raise a triable issue on equitable tolling.  See Wong, 135

---

[3] Despite attaching the website printout in his declaration, plaintiff's counsel nevertheless argued that the "investigatory steps" did not "g[i]ve him a clue that the healthcare providers . . . had been deemed federal employees."  (Umoh Decl. ¶ 9-10; id. at Ex. 5; Pl.'s Opp. Br. at 8.)

S.Ct. at 1631; see also Valdez ex rel. Donely v. United States, 518 F.3d 173, 185 (2d Cir. 2008) ("[D]ue diligence on the part of a plaintiff is required both to delay the accrual of the statute of limitations, as well as to toll its running.")

Second, even assuming that plaintiff had raised a triable issue on this point, her administrative filing was untimely. This provides a separate basis for dismissal. The Westfall Act requires that a plaintiff file an administrative claim within sixty days of the dismissal of her civil action. 28 U.S.C. § 2679(d)(5)(B). Plaintiff's case was dismissed on July 31, 2014. Lassic v. Hudson River Health Care Inc., et al., No. 13 Civ. 2547 (RPP) (Dkt. No. 12) (S.D.N.Y. 2013). The sixty-day period elapsed on September 29, 2014. It is undisputed that HHS did not receive the claim until October 2, 2013. [4] (Hawkins Decl. Ex. C.)

Thus, plaintiff does not qualify for the Westfall Act and her claims are untimely under the FTCA.

B. Exhaustion of Remedies

Plaintiff's second and third causes of action, lack of informed consent and negligent hiring, fail because she has not exhausted administrative remedies under the FTCA. 28 U.S.C. § 2401. Plaintiff's HHS filing only alleges failure to diagnose. (Hawkins Decl. Ex. A.) Though an administrative claim under the FTCA need not "meet formal pleading requirements," it must contain information specific enough

---

[4] Plaintiff's counsel emailed form SF 95 to a process server on September 29, 2014. (Umoh Decl. Ex. 2.) This act was, however, insufficient. The form was not served until the next day. (Id.) SF 95's instructions clearly state that "[a] claim is deemed presented when it is received by the appropriate agency, not when it is mailed." (Hawkins Decl. Ex. A) (emphasis added). The common-law "mailbox rule" does not apply to the FTCA, whose requirements are jurisdictional. Garland-Sash v. Lewis, 348 F. App'x 639, 643 (2d Cir. 2009).

so that "a reasonably thorough investigation of the incident should have uncovered any pertinent information in the government's possession." Johnson by Johnson v. United States, 788 F.2d 845, 849 (2d Cir. 1986). Plaintiff's SF 95 filing is silent as to both the failure to warn and negligent hiring claims. Thus, plaintiff did not exhaust administrative remedies for these claims.

    C.    Jurisdiction over Negligent Hiring Claim

Plaintiff also cannot succeed on her claim for negligent hiring because this court does not have jurisdiction over an FTCA action based on a legal claim that is unavailable in the state where the act occurred. 28 U.S.C. § 1346(b)(1); Koester v. Lanfranchi, 288 F. App'x 764, 766 (2d Cir. 2008). Under New York law, "If the employee acted within the scope of her employment, the employer . . . may be held liable for the employee's negligence only under a theory of *respondeat superior*." Velez v. City of New York, 730 F.3d 128, 137 (2d Cir. 2013) ("This is because if the employee was not negligent, there is no basis for imposing liability on the employer, and if the employee was negligent, the employer must pay the judgment regardless of the . . . adequacy of the training." (quoting Karoon v. New York City Transit Auth., 659 N.Y.S.2d 27, 29 (App. Div. 1997)).[5] Plaintiff has not alleged any facts suggesting that Dr. Kerr was acting outside the scope of her employment when treating plaintiff. Therefore, this Court does not have jurisdiction over plaintiff's third claim for negligent hiring.

---

[5]    One exception to this rule is if the plaintiff seeks "punitive damages from the employer based on alleged gross negligence in the hiring or retention of the employee." The FTCA does not allow recovery for punitive damages, and thus this exception does not apply. See 28 U.S.C. § 2674.

8

D.   Plaintiff's claims on the merits

In addition to the above independent bases for dismissal, plaintiff has also failed to raise a triable issue on the merits.

1.   Failure to diagnose claim

To raise a triable issue for a failure to diagnose claim, plaintiff must proffer evidence that Dr. Kerr did not "comport with accepted medical practice" and that "any such failure was the proximate cause of [plaintiff's] injuries." Vera v. Montefiore Med. Ctr., 874 N.Y.S.2d 85, 86 (App. Div. 2009).

Plaintiff fails to present evidence that Dr. Kerr departed from accepted medical practice by failing to render a timely diagnosis, or that any such failure caused plaintiff's injuries. The record evidence is undisputed that plaintiff visited Dr. Kerr on February 8, 2010 stating that she was experiencing headaches, was diagnosed on February 17, 2010 promptly after the results of her MRI, and was immediately referred to endocrinology and surgery specialists. (Hawkins Decl. Ex. B.) Thus, there is no triable issue on the failure to diagnose claim. See Streisand v. West, 757 N.Y.S.2d 600, 601 (App. Div. 2003) (holding that the doctor did not "depart from accepted medical practice inasmuch as [he] promptly sent the plaintiff for diagnostic testing . . . and appropriately referred her to a surgical oncologist for further evaluation and treatment"); Viola v. City of New York, 786 N.Y.S.2d 556, 557 (App. Div. 2004) (holding that, as a matter of law, when "no evidence of a subdural hematoma existed during the plaintiff's office visits," plaintiff was not entitled to relief); Jaffe v. New York Hosp., 672 N.Y.S.2d 94, 95 (App. Div. 1998)

(holding that a hospital was not liable for failing to diagnose plaintiff's brain injury when plaintiff visited the doctor for an orthopedic knee examination).

Plaintiff attempts to raise a triable issue through a proposed amended pleading. It is entirely unsupported and comes too late. Plaintiff now asserts that she saw Dr. Kerr in 2009 for her headaches. This assertion is supported only by argument in plaintiff's brief. Plaintiff has not even submitted a declaration supporting this assertion. This "argument" cannot defeat summary judgment. Indeed, the argument is all the more surprising as it is a clear and sudden departure from her prior pleadings and filings and contradicts the record evidence. The parties agree that plaintiff did in fact visit Dr. Kerr in 2009 – but the medical notes of those visits fail to support plaintiff's claim. The notes describe litany of plaintiff's ailments, but do not mention a headache. (Hawkins Decl. Ex. B; Kerr Decl. at ¶ 4.) Conclusory claims that contradict record evidence are insufficient to defeat summary judgment. See Gorzynski v. JetBlue Airways Corp., 596 F.3d 93, 104 (2d Cir. 2010); Tabbaa v. Chertoff, 509 F.3d 89, 93 (2d Cir. 2007).

Plaintiff's pleadings, filings, and federal agency submissions prior to her opposition brief consistently state she first visited Dr. Kerr for her headache in February 2010. See Compl. at ¶ 12; Pl.'s Opp. Br. at 4 (ECF No. 24); Hawkins Decl. Ex. A at 1, 5; Lassic v. Hudson River Health Care Inc., et al., No. 13 Civ. 2547 (RPP) (Dkt. No. 1, Ex. A at ¶ 12) (S.D.N.Y. 2013); id. (ECF No. 9 at 1).) Tellingly, in the very same opposition brief where plaintiff claims for the first time that she "complained for almost a year about her headaches, starting in April of 2009," she

also states six pages earlier that "[b]eginning on or about February 2010 and continuing plaintiff was a patient of the defendant." (Pl.'s Opp. Br. at 10, 4.)[6]

### 2. Lack of informed consent claim

Plaintiff's second claim is a lack of informed consent. To raise a triable issue as to that claim, plaintiff must show:

> "(1) that the person providing the professional treatment failed to disclose alternatives thereto and failed to inform the patient of reasonably foreseeable risks associated with the treatment, and the alternatives, that a reasonable medical practitioner would have disclosed in the same circumstances, (2) that a reasonably prudent patient in the same position would not have undergone the treatment if he or she had been fully informed, and (3) that the lack of informed consent is a proximate cause of the injury."

Spano v. Bertocci, 749 N.Y.S.2d 275, 278 (App. Div. 2002).

The undisputed evidence demonstrates that plaintiff's surgery did not take place at HRHC and Dr. Kerr did not perform it. Thus, there is no triable issue on whether defendant failed to inform plaintiff of the "reasonably foreseeable risks associated with the treatments, and the alternatives" of her surgery. Id. There is no record evidence indicating that Dr. Kerr instructed that plaintiff get surgery. Instead, Dr. Kerr told plaintiff that her condition "can sometimes be medically treated and sometimes needs management by surgery" and referred plaintiff to neurology for an "urgent eval[uation]." (Hawkins Decl. Ex. B.)

---

[6] Plaintiff's opposition states that she "visited Dr. Kerr several times before February 10, 2010. February 10, 2010 only represents the day a test was finally done because her condition has deteriorated considerably." (Id. at 12.) This is unsupported by the medical records, which do not indicate Dr. Kerr treated plaintiff on February 10, 2010, or that any tests were done on that date. (Hawkins Decl. Ex. B.)

IV.     LEAVE TO AMEND

Plaintiff belatedly seeks leave to an amended complaint. While courts shall "freely give leave" to amend, Fed. R. Civ. P. 15, it need not do so when the proposed amendment would be futile, or when "the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay." Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000) (internal quotation marks omitted). An amended complaint would be futile because it cannot overcome the FTCA time bar or exhaustion requirement. See id.; Jennis v. Rood, 310 F. App'x 439, 440 (2d Cir. 2009). Plaintiff has also failed to provide any explanation as to why she waited over three years to change the timing of her initial treatment by Dr. Kerr. Leave to amend is DENIED.

V.      CONCLUSION

For the reasons set forth above, defendant converted to a motion for summary judgment is GRANTED. The Clerk of Court is directed to close the motion at ECF No. 13.

SO ORDERED.

Dated:      New York, New York
            September 16, 2015

_____
            KATHERINE B. FORREST
            United States District Judge